wide's petition to set aside Petitioners' garnishment proceeding based on claims of bad faith even though those claims had not been expressly assigned to Petitioners by the insured and even though Nationwide had already paid the full limits of the insured's policy.[1]

725 A.2d 176

**Ronda S. FENTON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided March 26, 1999.

Randall T. Hetrick, for appellant.

Timothy P. Wile, Harold H. Kramer, Harrisburg, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

1. We note that the grant of allocatur in the instant case is strictly limited to the issue presented in this Order, and that the parties are not to brief or present argument concerning Petitioner's allegation that the lower courts should have permitted its garnishment action against Respondent Nationwide to proceed based on Nationwide's obligation to pay delay damages and/or judgment interest.

480

### *ORDER*

PER CURIAM:

**AND NOW**, this 26 $^{TH}$ day of March, 1999, the appeal in the above captioned case is dismissed as improvidently granted.

725 A.2d 177

**In re M.L. Born 2/6/95,**

**Petition of K.L., Natural Mother.**

Supreme Court of Pennsylvania.

March 26, 1999.

Louis J. Kober II, Greensburg, for petitioner.

### *ORDER*

PER CURIAM:

**AND NOW**, this 26 $^{th}$ day of March 1999, the Petition for Allowance of Appeal is GRANTED, limited to the following issue:

Whether a court may properly adjudge a child to be dependent when his non-custodial parent is ready, willing, and able to provide the child with proper parental care and control.